UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIES D. ADDISON,

    Petitioner,

    v.                                                Case No. 23-C-589

MICHEL MEISNER,

    Respondent.

## ORDER

        On May 10, 2023, Petitioner Maries D. Addison, who is currently incarcerated at Fox Lake Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

        Addison challenges his convictions in three Milwaukee County cases: 2011CF1079, 2011CF1664, and 2011CF2881. In 2011, the State of Wisconsin charged Addison in the three cases with multiple counts relating to sexual assault and human trafficking. After the Milwaukee County Circuit Court joined the cases, a jury convicted Addison on several of the charged counts in August 2012. In Case No. 2011CF1079, Addison was convicted of one count of false imprisonment, three counts of second-degree sexual assault/use of force, two counts of first-degree

sexual assault/aided by others, and one count of strangulation. He was sentenced on November 16, 2012, to a total of 40 years of incarceration and ten years of extended supervision, to be served consecutive to any other sentence. In Case No. 2011CF1664, Addison was convicted of one count of child enticement-prostitution, one count of trafficking a child, two counts of second-degree sexual assault/use of force, one count of child enticement-expose sex organ, one count of strangulation and suffocation, and two counts of child sexploitation-employ, use, induce. He was sentenced on November 16, 2012, to a total of 25 years of incarceration and eight years of extended supervision, to be served consecutive to any other sentence. In Case No. 2011CF2881, Addison was convicted of two counts of human trafficking. He was sentenced on November 16, 2012, to 15 years of incarceration and five years of extended supervision for each human trafficking count, to be served consecutively to each count and to any other sentence.

Addison appealed his convictions to the Wisconsin Court of Appeals on January 9, 2018. *See* Case Nos. 2018AP55, 2018AP56, and 2018AP57. The court of appeals consolidated the appeals for briefing and disposition purposes and affirmed his convictions on March 26, 2019. The Wisconsin Supreme Court denied the petition for review on June 11, 2019. Addison subsequently filed a motion for postconviction relief. The circuit court denied the motion on March 4, 2020. Addison appealed the circuit court's decision. The Wisconsin Court of Appeals affirmed the circuit court's decision on February 28, 2023. Addison filed a motion to stay his appeal, noting that he intended to file a petition for review of the court of appeals decision. On March 16, 2023, the Wisconsin Supreme Court deemed Addison's motion to be a timely but nonconforming petition for review and directed him to file a statement in support of his petition for review by April 28, 2023. Addison filed his statement in support of his petition for review on April 24, 2023. According to the records of the Wisconsin Supreme Court, accessible at

https://wscca.wiscourts.gov, Addison's appeal is currently pending before the Wisconsin Supreme Court as consolidated cases 2020AP677, 2020AP678, and 2020AP679.

In his petition, Addison asserts that his right to a speedy trial was violated (Ground 1); he was incompetent to proceed *pro se* on direct appeal (Ground 2); his right to religious freedom was violated (Ground 3); trial counsel, post-conviction counsel, and appellate counsel provided ineffective assistance (Ground 4); and he was denied his right to due process (Ground 5). Before turning to a federal court for relief by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a person must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). Addison acknowledges that he has not exhausted all of his state court remedies and has filed a motion for stay and abeyance. He asserts that the court should stay the case to allow him to conclude his matters in state court because, according to his calculations, the one-year statute of limitations period to file a § 2254 petition will expire approximately one hundred days after the Wisconsin Supreme Court issues a decision on his petition for writ of habeas corpus.

Although a district court may stay a habeas petition and hold it in abeyance while a petitioner exhausts state court remedies, a stay and abeyance "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court noted in *Rhines* that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Federal district courts may issue a stay when (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines*, 544 U.S. at 277–78).

3

Addison has not established that a stay is warranted in this case. Federal proceedings should be stayed when it appears dismissal would result in the loss of an opportunity for federal relief. *Rhines*, 544 U.S. at 275. Federal habeas petitions are subject to a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). Addison is currently appealing the denial of his motion for postconviction relief. The deadline to file a federal habeas petition is tolled, and thus does not run, during the time a properly filed collateral attack is pending in state court. *See* 28 U.S.C. § 2244(d)(2). It appears Addison has over three months remaining on the one-year statute of limitations clock. If he acts diligently, he should have sufficient time to exhaust his available state court remedies and return to federal court before the expiration of the statute of limitations deadline. Under these circumstances, it would be improper to stay Addison's current petition to allow him to completely exhaust his state court remedies. *See Rhines*, 544 U.S. at 277.

Accordingly, Addison's motion for stay and abeyance (Dkt. No. 2) is **DENIED**. Based on the foregoing, Addison must make a choice. He may abandon his unexhausted claims and go forward on his federal habeas petition at this time, knowing that he will not be able to obtain federal relief on those claims later if he is unsuccessful in state court. Or he can agree to dismissal of his current petition without prejudice, knowing that he will be able to refile it with all of his claims after he exhausts his state court remedies on his claims. The court will wait 30 days. If Addison does not move to dismiss his unexhausted claims voluntarily, the court will dismiss his petition without prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of June, 2023.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge